**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFITS FUND, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATKORE INC., WILLIAM E. WALTZ JR., JOHN M. DEITZER, and DAVID P. JOHNSON,<br><br>Defendants. | Case No. 1:25-cv-01851<br><br>Honorable John J. Tharp, Jr. |
| KING P. COLES, II, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ATKORE, INC., WILLIAM E. WALTZ, DAVID P. JOHNSON, and JOHN M. DEITZER,<br><br>Defendants. | Case No. 1:25-cv-02686<br><br>Honorable John F. Kness |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**NYKREDIT PORTEFØLJE ADMINISTRATION A/S FOR APPOINTMENT**
**AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL,**
**AND CONSOLIDATION OF RELATED ACTIONS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

FACTUAL BACKGROUND .........................................................................................................3

ARGUMENT ..................................................................................................................................6

    I.   NYKREDIT SHOULD BE APPOINTED LEAD PLAINTIFF .........................................6

        A.  Nykredit's Motion Is Timely ...........................................................................6

        B.  Nykredit Has the Largest Financial Interest in the Relief Sought by the Class.............7

        C.  Nykredit Satisfies the Requirements of Rule 23.................................................7

    II.  THE COURT SHOULD APPROVE NYKREDIT'S SELECTION OF LEAD
        COUNSEL ...................................................................................................11

    III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......................................13

CONCLUSION..............................................................................................................................14

i

# TABLE OF AUTHORITIES

**CASES**                                                                **PAGE(S)**

*Christakis v. Fifth Third Bancorp,*
2020 WL 9720422 (N.D. Ill. June 29, 2020) .......................................................... 8

*Faris v. Longtop Fin. Techs. Ltd.,*
2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .......................................................... 10

*Hedick v. The Kraft Heinz Co.,*
2019 WL 4958238 (N.D. Ill. Oct. 8, 2019).............................................................. 8

*In re Boeing Co. Aircraft Sec. Litig.,*
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .............................................. 1, 9, 12

*In re Braskem S.A. Sec. Litig.,*
2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015)........................................................ 13

*Johnson v. Tellabs, Inc.,*
214 F.R.D. 225 (N.D. Ill. 2002)............................................................................ 8

*Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.,*
2009 WL 1458234 (D. Minn. May 26, 2009)........................................................ 10

*Munch v. Sprout Soc., Inc.,*
2024 WL 4753734 (N.D. Ill. Nov. 12, 2024) .................................................. 8, 11

*Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.,*
256 F.R.D. 620 (E.D. Wis. 2009) .......................................................................... 7

*Taubenfeld v. Career Educ. Corp.,*
2004 WL 554810 (N.D. Ill. Mar. 19, 2004)........................................................ 13

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* .................................................................................. *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)..................................................................................... 2, 8

Fed. R. Civ. P. 42(a) .............................................................................................. 13

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .......................... 9, 10

Nykredit Portefølje Administration A/S ("Nykredit") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (1) appointing Nykredit as Lead Plaintiff in the above-captioned related securities class actions (the "Actions"); (2) approving Nykredit's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; (3) consolidating the Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) granting any further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned Actions allege that Atkore Inc. ("Atkore" or the "Company") and certain of its current and former senior executives (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, during the period from August 2, 2022, through February 3, 2025, inclusive (the "Class Period").[1] The Actions arise from Defendants' participation in a scheme to manipulate the price of polyvinyl chloride ("PVC") pipe, which enabled Atkore to artificially inflate its margins in its

---

[1] Two related securities class actions are currently pending in this District. *See Westchester Putnam Counties Heavy & Highway Laborers Loc. 60 Benefits Fund v. Atkore Inc.*, No. 1:25-cv-01851 (N.D. Ill. filed Feb. 21, 2025) ("*Westchester*"); *Coles v. Atkore, Inc.*, No. 1:25-cv-02686 (N.D. Ill. filed Mar. 14, 2025) ("*Coles*"). The allegations in the Actions are substantially similar, but *Westchester* asserts a class period of February 1, 2024, through February 3, 2025, while *Coles* asserts a class period of August 2, 2022, through February 3, 2025. For purposes of appointing a lead plaintiff, courts generally apply the longest class period. *See, e.g., In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *3 (N.D. Ill. Nov. 15, 2019) (Tharp, J.) (applying the broadest class period to assess the financial interests of lead plaintiff movants and noting that "[t]his is consistent with the approach most courts take when confronted with this question"). As such, the class period asserted in *Coles* is relied upon for this motion.

core Electrical business segment. Atkore investors, including Nykredit, incurred significant losses following disclosure of Atkore's participation in a collusive price-fixing scheme, which prompted the filing of several antitrust class actions against the Company, as well as an investigation of Atkore by the U.S. Department of Justice ("DOJ").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest" in the relief sought by the Class and that also makes a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Nykredit respectfully submits that it is the "most adequate plaintiff" by virtue of, among other things, the over $11.6 million loss that it incurred on its Class Period purchases of 133,632 shares of Atkore common stock.[2]

In addition to possessing a substantial financial interest, Nykredit satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the interests of the Class. Nykredit is also the paradigmatic investor that Congress intended to serve as lead plaintiff under the PSLRA because it is a sophisticated institutional investor with a significant financial interest in the litigation. The appointment of Nykredit as Lead Plaintiff would fulfill this critical legislative purpose. Nykredit also has experience supervising the work of outside counsel in shareholder litigation. Nykredit fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able

---

[2] Nykredit's PSLRA-required Certification is attached as Exhibit A to the Declaration of Avi Josefson in Support of the Motion of Nykredit Portefølje Administration A/S for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, and Consolidation of Related Actions ("Josefson Decl."). In addition, a chart providing calculations of Nykredit's losses is provided as Exhibit B to the Josefson Decl.

2

to undertake those responsibilities to ensure the vigorous prosecution of this action. Accordingly, Nykredit has both the incentive and ability to oversee this litigation.

Nykredit has further demonstrated its adequacy by selecting Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is a nationally recognized securities class action litigation firm that has recovered more than $40 billion for defrauded investors and is eminently qualified to prosecute this case. Accordingly, the Court should approve Nykredit's selection of Bernstein Litowitz as Lead Counsel.

Based on Nykredit's substantial financial interest in the outcome of this action, and its ability to oversee counsel, Nykredit respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND[3]

Atkore is a leading manufacturer of electrical, safety, and infrastructure products used in a variety of construction applications. The Company's core products include water pipes and electrical conduit pipes made with the widely used synthetic plastic material, PVC. Atkore operates through two business segments: Electrical, and Safety & Infrastructure. The Electrical segment, which includes PVC electrical conduit, is the Company's most important segment, and accounts for most of Atkore's total sales. Atkore is a key player in PVC pipe market, and holds a 35% share of the market for PVC electrical conduits, the largest among its competitors. As a largely commoditized product, PVC prices are tracked by a subscription-based commodity pricing service called the Oil Price Information Service ("OPIS") that publishes various industry reports, including the PetroChem Wire report, which reports PVC pipe prices.

---

[3] The facts are recited from the complaint filed in the *Coles* action. *See Coles*, ECF No. 1.

During the Class Period, Defendants participated in a conspiracy to artificially inflate prices of PVC pipes by coordinating pricing with other major PVC pipe manufacturers through the exchange of competitively sensitive data communicated through signals in OPIS reports. Propped up by this illicit scheme, Atkore reported strong profitability and margins prior to and during the Class Period. Atkore falsely ascribed its strong margins to legitimate business factors, including its strong business model and "strategic initiatives," but concealed that those high margins were driven by the Company's anticompetitive conduct and were not sustainable. Even when disruptions tied to the COVID pandemic subsided, Defendants attributed the PVC pipe "pricing normalization" to normal supply and demand dynamics. As a result of these alleged misrepresentations, Atkore common stock traded at artificially inflated prices throughout the Class Period.

The truth began to emerge on May 7, 2024, when Atkore reduced its adjusted earnings before interest, taxes, depreciation, and amortization ("EBITDA") guidance for full year fiscal 2024 from between $900 million and $950 million, to between $850 million and $900 million. While Atkore attributed its guidance cut to "several factors impacting [its High-Density Polyethylene] and solar-related initiatives," the Company also noted that the "pricing environment could be challenged in the second half of 2024." As a result of these disclosures, the price of Atkore stock declined by $22.06 per share, or 12.5%.

On July 23, 2024, after the market closed, Atkore announced the sudden resignation of its CFO and CAO, Defendant David Johnson. On July 24, 2024, a short seller known as ManBear, which previously exposed price-fixing in the U.S. chicken industry in 2016, issued a report detailing claims of unlawful price-fixing in the PVC pipe industry. The report accused Atkore and other PVC pipe manufacturers of artificially inflating prices through coordinated pricing actions

4

using OPIS reports. The report asserted that this price-fixing scheme generated "massively inflated" prices and margins for PVC pipe that "defy economic logic," remaining at "extremely elevated levels despite normalized supply chains, normalized input costs (resin), and weak demand." As a result of these disclosures, the price of Atkore stock declined by $12.37 per share, or 8.5%.

On August 6, 2024, Atkore reported disappointing financial results for the third quarter of fiscal 2024, and cut its adjusted EBITDA guidance for the full year by nearly $100 million to between $772 million and $782 million. The Company attributed its poor earnings and reduced outlook to "an overall soft pricing environment across most of [its] Electrical business," and noted that it expected these "trends to continue into the fourth quarter and [2025]." As a result of these disclosures, the price of Atkore stock declined by $17.41 per share, or nearly 15%.

In the wake of these disclosures, on August 23, 2024, the first of several civil antitrust class actions was filed against Atkore and other PVC pipe manufacturers, alleging that they illegally conspired to artificially inflate the price of PVC pipes. Those lawsuits have been consolidated and are pending in this District. *See In re PVC Pipe Antitrust Litig.*, No. 1:24-cv-07639 (N.D. Ill.).

On February 4, 2025, Atkore reported disappointing financial results for the first quarter of fiscal 2025 and reduced its outlook for the full year. In Atkore's Electrical segment, net sales declined by $128.3 million, or 21.6%, year-over-year, to $465.4 million, mostly driven by "decreased average selling prices." Atkore's adjusted EBITDA declined by $112 million, or nearly 55%, while the Company's adjusted EBITDA margin decreased to 19.9%, compared to 34.4% in the prior year. Atkore also reduced its fiscal year 2025 adjusted EBITDA guidance to between $375 million and $425 million, primarily due to the expected poor performance of

Atkore's PVC pipe business. As a result of these disclosures, the price of Atkore stock declined by $15.59 per share, or 19.5%.

Then, on February 14, 2025, after the end of the Class Period, Atkore disclosed that it received a grand jury subpoena from the DOJ, ordering Atkore to turn over "documents relating to the pricing of the Company's PVC pipe and conduit products."

<u>**ARGUMENT**</u>

**I.     NYKREDIT SHOULD BE APPOINTED LEAD PLAINTIFF**

Nykredit should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA sets forth the procedure that governs the appointment of a lead plaintiff in securities class actions and establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Nykredit believes that it is the "most adequate plaintiff" and should be appointed Lead Plaintiff because it has the largest financial interest of any qualified movant, satisfies the typicality and adequacy requirements of Rule 23, and is a sophisticated institutional investor with the experience and resources to oversee the vigorous prosecution of this action.

**A.     Nykredit's Motion Is Timely**

Under the PSLRA, any Class member may seek appointment as Lead Plaintiff within 60 days of the publication of notice that a federal securities class action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On February 21, 2025, plaintiff Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund ("Local 60 Benefits Fund") filed the first of the Actions, asserting a class period of February 1, 2024, through February 3, 2025. *See Westchester*, ECF No. 1 ¶1. The next day, counsel for Local 60 Benefits Fund published a notice on *Globe Newswire*

6

alerting investors to the pendency of the action, and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is April 23, 2025. *See* Josefson Decl., Ex. C. On March 14, 2025, King P. Coles, II ("Coles") filed a substantially similar action asserting an expanded Class Period of August 2, 2022, through February 3, 2025. *See Coles*, ECF No. 1 ¶1. That same day, counsel for Coles published a notice on *Business Wire* alerting investors to the expanded Class Period and reiterating the April 23, 2025, Lead Plaintiff deadline.[4] *See* Josefson Decl., Ex. D. Accordingly, Nykredit's motion is timely.

**B.     Nykredit Has the Largest Financial Interest in the Relief Sought by the Class**

Nykredit should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Nykredit incurred a substantial loss of over $11.6 million on its Class Period purchases of 133,632 shares of Atkore common stock. *See* Josefson Decl., Exs. A-B. Nykredit is unaware of any other movant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Nykredit has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.     Nykredit Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisfy[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Johnson*

---

[4] The filing of subsequent actions alleging different class periods does not alter the 60-day deadline for the filing of motions to appoint lead plaintiff. *See Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 622-23 (E.D. Wis. 2009) (noting that where "more than one action on behalf of a class asserting substantially the same claim or claims has been filed, only the plaintiff in the first-filed action need file a notice" and "[o]nce notice has been filed, potential lead plaintiffs have sixty days to file a motion to serve as lead plaintiff of the purported class").

*v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002) ("In selecting a lead plaintiff under the PSLRA, . . . typicality and adequacy of representation are the only relevant considerations."); *see also Hedick v. The Kraft Heinz Co.*, 2019 WL 4958238, at *8 (N.D. Ill. Oct. 8, 2019) (requiring a "preliminary showing" of typicality and adequacy). Nykredit satisfies the typicality and adequacy requirements.

Nykredit's claims are typical of the claims of other Class members. Typicality is satisfied when the movant's claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Munch v. Sprout Soc., Inc.*, 2024 WL 4753734, at *7 (N.D. Ill. Nov. 12, 2024). Nykredit and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical. Like other Class members, Nykredit (1) purchased Atkore common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements, and (3) was damaged as a result. *See id.* Accordingly, Nykredit satisfies the typicality requirement.

Nykredit likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy element of Rule 23 is met when the proposed lead plaintiff demonstrates that: "(1) [its] claims are not antagonistic or in conflict with those of the class; (2) [it] has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) [it] is represented by competent, experienced counsel who [is] able to prosecute the litigation vigorously." *Tellabs*, 214 F.R.D. at 228-29; *see also Christakis v. Fifth Third Bancorp*, 2020 WL 9720422, at *2 (N.D. Ill. June 29, 2020); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Nykredit satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent

the Class's claims. Nykredit's interests are directly aligned with those of the other Class members and there are no facts to suggest any actual or potential conflict of interest or other antagonism between Nykredit and other Class members.

Further, Nykredit has experience in other shareholder litigation, including serving as a lead plaintiff in another securities class action, and supervising the work of outside counsel, including proposed Lead Counsel, Bernstein Litowitz. For example, Nykredit served as a lead plaintiff in *Logan v. ProPetro Holding Corp.*, No. 19-cv-217 (W.D. Tex.), and recovered $30 million for investors with Bernstein Litowitz as co-lead counsel. Based on its experience serving as a lead plaintiff, Nykredit fully understands the Lead Plaintiff's obligations under the PSLRA to oversee the litigation separate and apart from counsel, and has submitted a sworn Certification attesting to its willingness, commitment, and ability to fulfill those duties in this action. *See* Josefson Decl., Ex. A.

In addition to possessing the largest financial interest and satisfying the requirements of Rule 23, Nykredit is precisely the type of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation and experience in acting as a fiduciary. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Boeing*, 2019 WL 6052399, at *8 (noting "the PSLRA's purpose of promoting institutional investors as lead plaintiffs in securities fraud class actions"). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation.

9

*See* H.R. Conf. Rep. No. 104-369, at \*34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.  Nykredit is well suited to fulfill this Congressional intent.

Further, Nykredit has standing to assert these claims.  Based in Denmark, Nykredit is a regulated management company that provides fund administration services to various "associations" or "investeringsforening" it establishes and controls.  Two such associations—Investeringsforeningen Multi Manager Invest ("IMMI") and Investeringsforeningen Nykredit Invest Engros ("INIE")—purchased Atkore stock during the Class Period through the sub-funds listed in Nykredit's certification.  IMMI and INIE, as well as their sub-funds, are organized as UCITS funds established under Danish law. [5]  While the sub-funds are considered separate estates, they are not independent legal entities and do not have legal capacity to sue in, or be brought before, courts of law.  Instead, IMMI and INIE have the exclusive authority to assert or assign claims in their own name for damages suffered by the sub-funds.  Prior to seeking appointment as Lead Plaintiff, Nykredit obtained valid assignments of claims from IMMI and INIE.  *See* Josefson Decl., Ex. E (Assignments and Powers of Attorney); *see also Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at \*5 (S.D.N.Y. Oct. 4, 2011) (appointing a Danish management company that received a valid assignment of claims from its funds, finding that "[t]he Assignment conclusively establishes [the manager's] standing"); *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2009 WL 1458234, at \*2 (D. Minn. May 26, 2009) (appointing as lead plaintiff a Danish management company that received an assignment of claims from its funds).

---

[5] *See* https://npa.nykredit.dk/om-Nykredit-Portefolje-Administration/; *see also* https://www.nykreditinvest.dk/vores-investeringsfonde/globale-aktier--harding-loevner/ (link to prospectus for IMMI); https://www.nykreditinvest.dk/vores-investeringsfonde/engros-globale-aktier---harding-loevner/ (link to prospectus for INIE).

Nykredit has further demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively. Accordingly, Nykredit satisfies Rule 23's adequacy requirement.

## II. THE COURT SHOULD APPROVE NYKREDIT'S SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts generally defer to the lead plaintiff's choice of counsel. *See Sprout Soc.*, 2024 WL 4753734, at *9 ("Courts generally accept the appointed lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to 'protect the interests of the class.'") (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

Nykredit has selected Bernstein Litowitz to serve as Lead Counsel for the Class. As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action firms in the country and has extensive experience serving as lead counsel in securities class actions, including in this District. *See* Josefson Decl., Ex. F (Bernstein Litowitz Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—the second largest recovery in securities class action history—were obtained for the class. Bernstein Litowitz also served as co-lead counsel in *In re Cendant Corporation Securities Litigation*, No. 98-cv-1664 (D.N.J.), and achieved a recovery that included over $3 billion in cash as well as extensive corporate governance reforms for the benefit of the class. Bernstein Litowitz also secured recoveries of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA*

11

*Litigation*, No. 09-md-2058 (S.D.N.Y.) and $1.06 billion (inclusive of attorneys' fees) in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.). More recently, Bernstein Litowitz obtained a $1 billion recovery for investors in *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.).

Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Kraft Heinz Co. Sec. Litig.*, No. 19-cv-1339 (N.D. Ill.) ($450 million recovery, representing the second largest ever securities class action recovery in the Northern District of Illinois and the Seventh Circuit); *In re Stericycle, Inc. Sec. Litig.*, No. 16-cv-7145 (N.D. Ill.) ($45 million recovery); *Hughes v. Huron Consulting Grp., Inc.*, No. 09-cv-4734 (N.D. Ill.) ($38 million recovery); *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.*, No. 09-cv-7203 (N.D. Ill.) ($28.25 million recovery); *In re Akorn, Inc. Data Integrity Sec. Litig.*, No. 18-cv-1713 (N.D. Ill.) ($27.5 million recovery); and *In re Navigant Consulting, Inc. Sec. Litig.*, No. 99-cv-7617 (N.D. Ill.) ($23 million recovery). Bernstein Litowitz currently serves as co-lead counsel in *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories*, No. 22-cv-4661 (N.D. Ill.), and as lead counsel *In re The Boeing Company Aircraft Securities Litigation*, No. 19-cv-2394 (N.D. Ill.). *See Boeing*, 2019 WL 6052399, at *9 n.12 (noting Bernstein Litowitz's "extensive experience and record of success on behalf of investors in many substantial securities fraud class actions").

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Nykredit's selection of Bernstein Litowitz as Lead Counsel for the Class.

12

## III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

There are at least two related securities class actions currently pending in this District:

| Case Number | Case Name | Date Filed |
|---|---|---|
| 1:25-cv-01851 | *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Atkore Inc.* | 02/21/2025 |
| 1:25-cv-02686 | *King P. Coles, II v. Atkore, Inc.* | 03/14/2025 |

Rule 42(a) permits consolidation when the actions involve common questions of fact or law. *See* Fed. R. Civ. P. 42(a). Here, the Actions present nearly identical factual and legal issues because they both allege claims under Sections 10(b) and 20(a) of the Exchange Act and arise out of substantially similar alleged misrepresentations by the same Defendants. *See Taubenfeld v. Career Educ. Corp.*, 2004 WL 554810, at *1 (N.D. Ill. Mar. 19, 2004) (consolidating six related securities class actions because "each asserts similar if not overlapping claims for relief"). While the *Westchester* action asserts a shorter class period than the *Coles* action, this minor difference does not render consolidation inappropriate because the Actions present sufficiently common questions of fact and law. *See In re Braskem S.A. Sec. Litig.*, 2015 WL 5244735, at *3 n.5 (S.D.N.Y. Sept. 8, 2015) (noting that "courts routinely consolidate securities class actions despite minor differences in class periods where, as here, it is clear that there are common questions of law and fact"). In addition, the interests of judicial economy weigh in favor of consolidating the Actions given the substantial overlap of common factual and legal issues between them. *See Career Educ.*, 2004 WL 554810, at *1 ("[G]iven the similarity of the claims, the court believes that consolidation of these cases will result in substantial savings of judicial time and effort."). Accordingly, consolidation of the Actions is appropriate under Rule 42(a).

13

**CONCLUSION**

For the reasons stated above, Nykredit respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate the Actions; and (4) grant any further relief as the Court may deem just and proper.

Dated: April 23, 2025                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Avi Josefson*
Avi Josefson (Bar No. 6272453)
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

-and-

Jeroen van Kwawegen
Scott R. Foglietta
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jeroen@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Nykredit
Portefølje Administration A/S and Proposed
Lead Counsel for the Class*

14