# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFITS FUND, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATKORE INC., WILLIAM E. WALTZ JR., JOHN M. DEITZER, and DAVID P. JOHNSON,<br><br>Defendants. | Case No.: 1:25-cv-01851<br><br>Hon. John J. Tharp, Jr.<br><br>CLASS ACTION |
| KING P. COLES, II, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ATKORE INC., WILLIAM E. WALTZ JR., JOHN M. DEITZER, and DAVID P. JOHNSON,<br><br>Defendants. | Case No.: 1:25-cv-02686<br><br>Hon. John F. Kness<br><br>CLASS ACTION |

**JOINT DECLARATION**

We, the representatives of Public Employees' Retirement System of Mississippi ("MS PERS") and 1199SEIU Health Care Employees Pension Fund ("1199SEIU Fund," and together with MS PERS, the "Institutional Investors"), pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this declaration in support of the Institutional Investors' motion for appointment as Lead Plaintiff and approval of their selection of Saxena White P.A. ("Saxena White") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the proposed Class in the securities action filed against Atkore Inc. ("Atkore") and related defendants. We are informed of and understand the requirements and duties of serving as the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the Atkore litigation. We each have personal knowledge about the facts set forth in this Joint Declaration relating to the fund with which we are associated.

2. I, Laken H. Ryals, am the Special Assistant Attorney General in the Office of the Attorney General of the State of Mississippi and am authorized to make this declaration on behalf of MS PERS. MS PERS is a public pension fund that provides retirement and related benefits to more than 365,000 total members and has approximately $36 billion in assets under management. As reflected in its Certification, MS PERS purchased a significant number of shares of Atkore common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

3. I, Gabriel Ristorucci, am the Assistant General Counsel of 1199SEIU Fund and am authorized to make this declaration on its behalf. 1199SEIU Fund is a multi-employer Taft-Hartley defined benefit plan providing benefits to hundreds of thousands of current or former health care

1

workers, and their beneficiaries, in New York City and the surrounding areas. 1199SEIU Fund has approximately $16 billion in assets under management. As reflected in its Certification, 1199SEIU Fund purchased a significant number of shares of Atkore common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

4. We are both sophisticated institutional investors that understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Our familiarity with the PSLRA's requirements is informed by, among other things, our experience serving as lead plaintiff or co-lead plaintiff in securities fraud class actions, including in this District. For example, MS PERS achieved recoveries for injured investors in *In re Merck & Co. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.) ($1.06 billion recovery); *In re Wells Fargo & Co. Securities Litigation.*, No. 20-cv-4494 (S.D.N.Y.) ($1 billion recovery); *In re Bear Stearns Mortg. Pass-Through Certificates Litigation*, No. 08-cv-8093 (S.D.N.Y.) ($500 million recovery); *In re Stericycle, Inc. Securities Litigation*, No. 16-cv-7145 (N.D. Ill.) ($45 million recovery); *In re: JELD-WEN Holding, Inc. Securities Litigation*, No. 20-cv-00112 (E.D. Va.) ($40 million recovery with Robbins Geller serving as co-lead counsel); *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, No. 22-cv-10321 (D. Mass.) ($30 million recovery with Saxena White serving as co-lead counsel). Similarly, 1199SEIU Fund recovered $109 million in a securities class action against Cardinal Health, Inc. with Robbins Geller serving as lead counsel. *See Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*, No. 19-cv-3347 (S.D. Ohio).

5. The Institutional Investors are sophisticated institutional investors that have dedicated staffs of professionals who will ensure effective oversight of counsel and this litigation.

2

Each entity manages substantial assets for their participants and serves as a fiduciary to a large number of beneficiaries. The Institutional Investors each have prior experience serving as fiduciaries and in selecting, hiring, and overseeing lawyers.

6. The Institutional Investors are strongly motivated to recover the significant losses that they and the Class suffered as a result of defendants' violations of the federal securities laws. The principal goal of the Institutional Investors in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class. We each believe that the prosecution of this fraud should be entrusted to institutional investors that have a significant financial interest in the claims against defendants and are committed and able to maximize the Class's recovery and ensure the litigation is prosecuted as zealously and efficiently as possible, in accordance with the PSLRA.

7. Representatives of the Institutional Investors decided to collaborate and seek appointment as Lead Plaintiff based on the funds' comprehensive and complementary investments in Atkore stock throughout the Class Period, the ability to share and combine resources, and our perspectives as fiduciaries to our respective members and shared goals and interests in protecting and maximizing pension and retirement fund assets.

8. Before filing our lead plaintiff motion, we conferred with each other to discuss: our respective funds' losses arising from defendants' misconduct; the merits of the claims and the status of the investigation undertaken by Saxena White before filing the initial complaint in this action; the lead plaintiff process; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive matter; and our strategy to jointly prosecute this case to ensure our shared goal of maximizing the outcome for all putative class members.

9. We also exchanged contact information and discussed the importance of timely joint decision-making and coordinating with each other to exercise joint decision-making on

matters pertaining to this litigation. We do not anticipate that any disagreements between us will arise and are committed to making all efforts, in good faith, to reach consensus with respect to litigation decisions. The rendering of decisions will be a collective effort by both the Institutional Investors, taking into account each member's respective experiences.

10.     As our Certifications attest, the Institutional Investors are committed to satisfying the fiduciary obligations they will assume if appointed Lead Plaintiff, including by: conferring with each other and with our counsel regarding litigation strategy and other matters; attending court proceedings, depositions, any settlement mediations, and hearings as needed; and reviewing and authorizing the filing of important litigation documents. Through these and other measures, the Institutional Investors will ensure that the Atkore securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

11.     We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing pleadings and conferring amongst ourselves.

12.     We recognize the importance of selecting qualified counsel to prosecute the litigation in a cost-effective manner on behalf of the Class. We have selected Saxena White and Robbins Geller as Lead Counsel because of the Firms' respective securities litigation experience and their history successfully prosecuting securities class actions as Lead Counsel, including in *Plymouth County. Retirement System v. Patterson Companies*, No. 18-cv-871, ECF No. 63 (D. Minn.), where the Firms—representing a group of public and union pension funds—recovered $63 million for investors. We believe that Saxena White and Robbins Geller's history of

4

effectively prosecuting complex securities class action lawsuits both independently and together provides comfort that the Class will receive the best possible representation.

13.     We have directed Saxena White and Robbins Geller to prosecute this case collaboratively in the most efficient manner possible and without duplication of services.  We are confident they understand our directive.  We believe that the Firms' ability to share resources to prosecute this complex securities class action will enhance the efficiency of the litigation.

14.     In sum, the Institutional Investors are committed to ensuring that the Class receives the best possible outcome from this litigation.

5

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of April, 2025.

1199SEIU Health Care Employees
Pension Fund

Gabriel Ristorucci, Assistant General
Counsel

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of April, 2025.

*Public Employees' Retirement System of Mississippi*

*Laken H. Ryals*
Laken H. Ryals (Apr 23, 2025 20:00 CDT)

Laken H. Ryals, Special Assistant Attorney General