**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WESTCHESTER PUTNAM COUNTIES HEAVY & HIGHWAY LABORERS LOCAL 60 BENEFITS FUND, Individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:25-cv-01851 |
| Plaintiffs, | ) ) ) | The Hon. John J. Tharp, Jr. |
| v. | ) ) | |
| ATKORE INC., WILLIAM E. WALTZ JR., JOHN M. DEITZER and DAVID P. JOHNSON, | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT MOTION TO REASSIGN CASE AS RELATED**

Plaintiff Mike Blatzer ("Blatzer") and Nominal Defendant Atkore Inc. ("Atkore" or the "Company") in the case captioned *Blatzer v. Waltz, et al.*, Case No. 1:25-cv-02833 (the "Derivative Action"), hereby respectfully move to: (a) designate the Derivative Action, pending before the Honorable LaShonda A. Hunt, and the two related putative securities class actions captioned *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Atkore, Inc., et al.*, Case No. 1:25-cv-01851 (the "*Westchester* Action") and *Coles v. Atkore, Inc., et al.*, Case No. 1:25-cv-02686 (the "*Coles* Action," and together with the *Westchester* Action, the "Securities Class Actions"), pending before the Honorable John J. Tharp, Jr., as related; and (b) reassign the Derivative Action to the docket of the Honorable John J. Tharp, Jr. In support of their motion, Blatzer and Atkore state as follows:

1.      On February 21, 2025, the *Westchester* Action was filed against Defendants Atkore, William E. Waltz, Jr. ("Waltz"), John M. Deitzer ("Deitzer"), and David P. Johnson ("Johnson").

1

*Westchester* Action, ECF No. 1 (Ex. A). On February 24, 2025, the *Westchester* Action was assigned to the Honorable John J. Tharp, Jr.

2. On March 14, 2025, the *Coles* Action was filed against Defendants Atkore, Waltz, Deitzer, and Johnson, and was assigned to the Honorable John F. Kness. *Coles* Action, ECF No. 1 (Ex. B).

3. On May 1, 2025, the plaintiff in the *Westchester* Action filed a Motion for Reassignment of Case as Related, seeking the reassignment of the *Coles* Action to the Honorable John J. Tharp, Jr. because both cases alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), based on Atkore's public statements that failed to disclose its alleged involvement in a price-fixing scheme. *Westchester Action*, ECF No. 26. On May 2, 2025, the *Coles* Action was reassigned to the Honorable John J. Tharp, Jr. *Id.*, ECF Nos. 29, 30.

4. On March 18, 2025, Blatzer filed the Derivative Action, derivatively on behalf of Atkore, against Waltz, Deitzer, Johnson, Michael V. Schrock, B. Joanne Edwards, Jeri L. Isbell, Wilbert W. James, Jr., Justin A. Kershaw, Scott H. Muse, Betty R. Wynn, and A. Mark Zeffiro (collectively, the "Individual Defendants"). Derivative Action, ECF No. 1 (Ex. C).

5. On May 5, 2025, the parties in the Derivative Action filed a Joint Motion for Stipulated Stay of the Action, seeking an order to stay the Derivative Action until the earlier of: (i) the issuance of a final decision and order on all motions to dismiss the operative complaints in the Securities Class Actions (if any); (ii) notification that a settlement has been reached in the Securities Class Actions; (iii) a final resolution of the Securities Class Actions; or (iv) either Party providing the other Party thirty days' notice that they no longer consent to the stay. Derivative Action, ECF No. 19 at 2-3.

6.      On May 14, 2025, the Honorable LaShonda A. Hunt held a hearing on the Joint Motion for Stipulated Stay of the Action, at which she inquired of the parties whether, in light of the substantially overlapping issues, the Derivative Action should be reassigned as related to the pending Securities Class Actions. Thereafter, the parties to the Derivative Action conferred and agreed to jointly file this Motion to Reassign. *Id.*, ECF No. 27.

7.      Pursuant to Local Rule 40.4(a), a civil action may be related to another case when, as here: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Local Rule 40.4 "does not require complete identity of issues in order for cases to be considered related"—only that there be *some* related issues between the cases. *Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002) (granting motion for reassignment).

8.      Pursuant to Local Rule 40.4(b), a case may be reassigned to another judge if it is found to be related to an earlier-numbered case before that judge and: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

9.      The parties to the Derivative Action agree that the Derivative Action is related to the Securities Class Actions under Local Rule 40.4(a) because the underlying allegations and claims asserted in the Derivative Action and the Securities Class Actions are substantially similar, involve similar issues of fact and law, and grow out of the same or substantially similar transactions or occurrences. Specifically, both the Derivative Action and the Securities Class Actions are based

3

on allegations that certain of Atkore's senior executives made false or misleading statements concerning the pricing of PVC pipes between August 2, 2022 and February 3, 2025. The complaints in all three cases allege that these executives (who are named as defendants in all Actions) were aware of the true facts regarding alleged anticompetitive conduct at the time the statements were made, that the statements caused Atkore's stock price to become artificially inflated, and that Atkore's stock price fell when the alleged "truth" about the anticompetitive conduct was revealed. Critically, the Derivative Action and the Securities Class Actions each assert claims for violations of Sections 10(b) and 20(a) of the Exchange Act based on those purportedly false and misleading statements. In light of these common and overlapping allegations and claims, the Derivative Action should be designated as related to the Securities Class Actions.[1] *See Hedick v. The Kraft Heinz Co.*, Case No. 1:19-cv-01339 (N.D. Ill. Apr. 26, 2020) (Dkt. 244) (granting motion for reassignment of derivative case to pending securities class action alleging overlapping claims).

10.     In addition, the requirements under Local Rule 40.4(b) for reassignment to the Honorable John J. Tharp, Jr. are met because (1) the Derivative Action and the Securities Class Actions are all pending in the United States District Court for the Northern District of Illinois; (2) reassigning the Derivative Action to the docket of the Honorable John J. Tharp, Jr. is likely to result in substantial savings of judicial time and effort due to the overlapping allegations, issues, and claims between the Derivative Action and the Securities Class Actions; (3) the Securities Class Actions have not progressed beyond the filing of the initial complaints, and therefore reassignment would not cause any delay to the proceedings; and (4) the Derivative Action is well-suited for

---

[1] For avoidance of doubt, the parties to the Derivative Action do not believe it would be appropriate (and are not requesting) that the Derivative Action and the Securities Class Actions be consolidated.

coordination with the Securities Class Actions because a single ruling on the overlapping factual and legal issues will at least partially dictate the outcome in both Actions. Accordingly, for the same reasons it was appropriate to reassign the *Coles* Action as related to the *Westchester* Action, the Derivative Action should be reassigned as related to the Securities Class Actions.

11. All criteria under Local Rule 40.4 have been met for the Derivative Action to be designated as related to the Securities Class Actions and reassigned to the Honorable John J. Tharp, Jr.

12. Prior to filing this motion, the parties in the Derivative Action conferred with counsel for the remaining applicant for Lead Plaintiff in the Securities Class Actions, who takes no position on the motion.

WHEREFORE, the Parties respectfully request that this motion be granted, and the Court (a) find the Derivative Action related to the *Westchester* Action and the *Coles* Action; and (b) reassign the Derivative Action to the Honorable John J. Tharp, Jr.

Dated: May 28, 2025

Respectfully submitted,

*/s/ Carl V. Malmstrom*
Carl V. Malmstrom
111 West Jackson, Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Email: malmstrom@whafh.com

*Local Counsel for Plaintiff*

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: vl@rl-legal.com

Email: lw@rl-legal.com

*Counsel for Plaintiff*

**SIDLEY AUSTIN LLP**

*/s/ John M. Skakun III*
Kristen R. Seeger
John M. Skakun III
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
kseeger@sidley.com
jskakun@sidley.com

*Counsel for Atkore Inc.*

6