**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| IN RE ATKORE INCORPORATED SECURITIES LITIGATION | ) ) ) ) ) ) | Case No. 1:25-cv-01851<br><br>The Hon. John J. Tharp, Jr. |

## JOINT MOTION TO REASSIGN CASE AS RELATED

Plaintiff LR Trust ("LR Trust") and Nominal Defendant Atkore Inc. ("Atkore" or the "Company") in the case captioned *LR Trust v. Waltz, et al.*, Case No. 1:25-cv-08009 (the "*LR Trust* Action"), hereby respectfully move to: (a) designate the *LR Trust* Action, pending before the Honorable Matthew F. Kennelly, as related to: (i) the above putative securities class action captioned *In re Atkore Incorporated Securities Litigation*, Case No. 1:25-cv-01851 (the "Securities Class Action"), pending before the Honorable John J. Tharp, Jr.; and (ii) the shareholder derivative action captioned *Blatzer v. Waltz, et al.*, Case No. 1:25-cv-02833 (the "*Blatzer* Action"), pending before the Honorable John J. Tharp, Jr.; and (b) reassign the *LR Trust* Action to the docket of the Honorable John J. Tharp, Jr. In support of their motion, LR Trust and Atkore state as follows:

1. On February 21, 2025, the action originally captioned *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefits Fund v. Atkore, Inc., et al.*, Case No. 1:25-cv-01851 (the "*Westchester* Action") was filed against Defendants Atkore, William E. Waltz, Jr. ("Waltz"), John M. Deitzer ("Deitzer"), and David P. Johnson ("Johnson"). *Westchester* Action, ECF No. 1 (Ex. A). On February 24, 2025, the *Westchester* Action was assigned to the Honorable John J. Tharp, Jr.

1

2.     On March 14, 2025, the action originally captioned *Coles v. Atkore, Inc., et al.*, Case No. 1:25-cv-02686 (the "*Coles* Action") was filed against Defendants Atkore, Waltz, Deitzer, and Johnson, and was assigned to the Honorable John F. Kness. *Coles* Action, ECF No. 1 (Ex. B).

3.     On May 1, 2025, the plaintiff in the *Westchester* Action filed a Motion for Reassignment of Case as Related, seeking the reassignment of the *Coles* Action to the Honorable John J. Tharp, Jr. because both cases alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, based on Atkore's public statements that failed to disclose its alleged involvement in a price-fixing scheme. *Westchester* Action, ECF No. 26. On May 2, 2025, the *Coles* Action was reassigned to the Honorable John J. Tharp, Jr. *Id.*, ECF Nos. 29, 30.

4.     On March 18, 2025, the *Blatzer* Action was filed derivatively on behalf of Atkore, against Waltz, Deitzer, Johnson, Michael V. Schrock, B. Joanne Edwards, Jeri L. Isbell, Wilbert W. James, Jr., Justin A. Kershaw, Scott H. Muse, Betty R. Wynn, and A. Mark Zeffiro (collectively, the "Individual Defendants"). *Blatzer* Action, ECF No. 1 (Ex. C).

5.     On May 28, 2025, the parties to the *Blatzer* Action jointly filed a motion to reassign the *Blatzer* Action as related to the *Westchester* Action and the *Coles* Action (*Westchester* Action, ECF No. 36), which was granted on May 29, 2025. *Westchester* Action, ECF No. 38.

6.     On May 30, 2025, the Honorable John J. Tharp, Jr. entered an order consolidating the *Westchester* Action and the *Coles* Action into the consolidated action captioned *In re Atkore Incorporated Securities Litigation*, Case No. 1:25-cv-01851. Securities Class Action, ECF No. 40.

7.     On July 15, 2025, LR Trust filed the *LR Trust* Action, derivatively on behalf of Atkore, against the Individual Defendants. *LR Trust* Action, ECF No. 1 (Ex. D).

8.     Pursuant to Local Rule 40.4(a), a civil action may be related to another case when, as here: "(1) the cases involve the same property; (2) the cases involve some of the same issues of

fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Local Rule 40.4 "does not require complete identity of issues in order for cases to be considered related"—only that there be *some* related issues between the cases. *Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002) (granting motion for reassignment).

9.      Pursuant to Local Rule 40.4(b), a case may be reassigned to another judge if it is found to be related to an earlier-numbered case before that judge and: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

10.      The parties to the *LR Trust* Action agree that the *LR Trust* Action is related to the Securities Class Action and the *Blatzer* Action under Local Rule 40.4(a) because the underlying allegations and claims asserted in the *LR Trust* Action, the *Blatzer* Action, and the Securities Class Action are substantially similar, involve similar issues of fact and law, and grow out of the same or substantially similar transactions or occurrences. Specifically, each of the *LR Trust* Action, the *Blatzer* Action, and the Securities Class Actions is based on allegations that certain of Atkore's senior executives made false or misleading statements concerning the pricing of PVC pipes between August 2, 2022 and February 3, 2025. The complaints in all three cases allege that these executives (who are named as defendants in all Actions) were aware of the true facts regarding alleged anticompetitive conduct at the time the statements were made, that the statements caused Atkore's stock price to become artificially inflated, and that Atkore's stock price fell when the alleged "truth" about the anticompetitive conduct was revealed. Critically, the *LR Trust* Action,

3

the *Blatzer* Action, and the Securities Class Action each assert claims for violations of federal securities laws based on those purportedly false and misleading statements. In light of these common and overlapping allegations and claims, the *LR Trust* Action should be designated as related to the *Blatzer* Action and the Securities Class Action.[1] *See Hedick v. The Kraft Heinz Co.*, Case No. 1:19-cv-01339 (N.D. Ill. Apr. 26, 2020) (Dkt. 244) (granting motion for reassignment of derivative case to pending securities class action alleging overlapping claims).

11.     In addition, the requirements under Local Rule 40.4(b) for reassignment to the Honorable John J. Tharp, Jr. are met because (1) the *LR Trust* Action, the *Blatzer* Action, and the Securities Class Action are all pending in the United States District Court for the Northern District of Illinois; (2) reassigning the *LR Trust* Action to the docket of the Honorable John J. Tharp, Jr. is likely to result in substantial savings of judicial time and effort due to the overlapping allegations, issues, and claims between the *LR Trust* Action, the *Blatzer* Action, and the Securities Class Action; (3) the *Blatzer* Action and the Securities Class Action have not progressed beyond the filing of the initial complaints, and therefore reassignment would not cause any delay to the proceedings; and (4) the *LR Trust* Action is well-suited for coordination with the *Blatzer* Action and the Securities Class Action because a single ruling on the overlapping factual and legal issues will at least partially dictate the outcome in all three Actions. Accordingly, for the same reasons it was appropriate to reassign the *Blatzer* Action as related to the Securities Class Action, the *LR Trust* Action should be reassigned as related thereto as well.

---

[1] For avoidance of doubt, the parties to the *LR Trust* Action do not believe it would be appropriate (and are not requesting) that the *LR Trust* Action and the Securities Class Action be consolidated.

12. All criteria under Local Rule 40.4 have been met for the *LR Trust* Action to be designated as related to the *Blatzer* Action and the Securities Class Action and reassigned to the Honorable John J. Tharp, Jr.

WHEREFORE, the Parties respectfully request that this motion be granted, and the Court (a) find the *LR Trust* Action related to the Securities Class Action and the *Blatzer* Action; and (b) reassign the *LR Trust* Action to the Honorable John J. Tharp, Jr.

Dated: August 19, 2025

Respectfully submitted,

**MILLER LAW LLC**

*/s/ Marvin A. Miller*
Marvin A. Miller
Lori A. Fanning
53 W. Jackson Blvd.
Suite 1320
Chicago, IL  60604
(312) 332-3400
Email:  mmiller@millerlawllc.com
        lfanning@millerlawllc.com

*Local Counsel for LR Trust*

David C. Katz
Mark D. Smilow
**WEISS LAW**
305 Broadway, 7th Fl.
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: dkatz@weisslawllp.com
        msmilow@weisslawllp.com

Joshua M. Rubin
Jonathan Meer
4 Brighton Rd., Ste. 204
Clifton, NJ 07014
Email: jrubin@weisslawllp.com
        jmeer@weisslawllp.com

*Counsel for LR Trust*

**SIDLEY AUSTIN LLP**

*/s/* Kristen R. Seeger
Kristen R. Seeger
John M. Skakun III
One South Dearborn
Chicago, IL 60603
 (312) 853-7000
kseeger@sidley.com
jskakun@sidley.com

*Counsel for Atkore Inc.*

6