# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 (LAH) |
| This Document Relates to: | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)** |
| Non-Converter Seller Purchaser Class Plaintiffs and End User Class Plaintiffs Actions | |

Letter Rogatory to the Ontario Superior Court of Justice:

The United States District for the Northern District of Illinois presents its compliments to the Ontario Superior Court of Justice and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. The requested documents, limited to telephone records, are relevant to the claims raised by the Non-Converter Seller Purchaser Class Plaintiffs and End User Class Plaintiffs (collectively, the "Plaintiffs") in this civil antitrust action. The discovery sought can neither be obtained in the United States, nor without the assistance of the Ontario Superior Court of Justice.

## I. STATEMENT OF REQUEST

Assistance is necessary in the interests of justice. This Court requests that the Ontario Superior Court of Justice compel the production of records for the telephone numbers identified and for the date range identified below.

| Telephone Number | Date Range | Telephone Carrier |
|---|---|---|
| (416) 409-3950 | 1/1/2017 - 10/20/2025 | Rogers Communications |
| (416) 930-9090 | 1/1/2017 - 10/20/2025 | Rogers Communications |
| (416) 315-5700 | 1/1/2017 - 10/20/2025 | Rogers Communications |
| (416) 562-2266 | 1/1/2017 - 10/20/2025 | Rogers Communications |

These records should include: (1) records of "talk" and/or "call details," including the number a call is received from or made to, whether the call is incoming or outgoing, the date and time of the call (preferably in Central Time Zone), the length of the call, and, to the extent such information is available or maintained separately, any calls to check voicemail; (2) text message reports, including the incoming and outgoing phone numbers, the date and time the message was sent and received, and the number of messages sent (but not any text message content); and (3) subscriber information.

## II.   FACTS

In this consolidated proceeding, Plaintiffs have brought civil antitrust and consumer protection claims alleging that Converter Defendants[1] and Distributor Co-Conspirators[2] engaged in a conspiracy to artificially fix the price of PVC Pipes and PVC Fittings (collectively "PVC Pipe Systems") which caused higher costs for everything from plumbing repairs and electrical upgrades to construction projects in the domestic market of the United States, in *per se* violation of the Sherman Act, 15 U.S.C. § 1.

Converter Defendants and Distributor Co-Conspirators allegedly implemented the conspiracy, in part, by exchanging detailed, competitively sensitive, and non-public information about pricing with each other via direct communications, including telephone calls and text messages. *See* Public Redacted Version of NCSPs' Second Consolidated Class Action Complaint, *In re PVC Pipe Antitrust Litigation*, No. 24-CV-07639 (N.D. Ill. Aug. 18, 2025), ECF 395; Public

---

[1] Converter Defendants include: Atkore, Cantex, Inc., Diamond Plastics Corp., Prime Conduit, Sanderson Pipe, Southern Pipe, IPEX, PipeLife Jetstream, Inc., JM Eagle, National Pipe, Otter Tail, Northern Pipe, Vinyltech, Westlake Corp., Westlake Pipe & Fittings Corp., Charlotte Pipe, Cresline, and Oil Price Information Service, LLC ("OPIS").

[2] Distributor Co-Conspirators include Core & Main, Ferguson Enterprises, Fortiline Waterworks, United Pipe & Steel Corp., Hajoca Corp., and Porter Pipe & Supply Co.

Redacted Version of Consolidated Class Action Complaint for the End-User Class, *In re PVC Pipe Antitrust Litigation*, No. 24-CV-07639 (N.D. Ill. Aug. 18, 2025), ECF 399. The telephone numbers identified above were provided to Plaintiffs as part of their settlement with Defendant OPIS and are associated with the Canadian offices of Defendant IPEX's managers and employees. Plaintiffs allege that these telephone numbers were used in furtherance of the conspiracy. In particular, Plaintiffs have identified that IPEX managers associated with certain of these numbers were in direct communication with Donna Todd of Defendant OPIS, who is alleged to be the primary intermediary of the alleged conspiracy, as well as employees of Co-Conspirator Distributors.

Plaintiffs believe these telephone records are relevant discovery that will be used to prove the claims alleged in the complaints, and more specifically, may be used at trial to prove Plaintiffs' allegations that Defendants colluded with each other, via telephone and other means, to effectuate the alleged price-fixing conspiracy. The telephone records for these telephone numbers are maintained in Toronto, Ontario, Canada, and are not available to Plaintiffs by any other source. This request is not contrary to public policy, the requests are identified with specificity, and the order sought is of limited burden, as the records may be produced electronically. As such, Plaintiffs request that this Court issue this letter rogatory. *See Evidence Act*, RSO 1990, c E.23, s. 60 and *Canada Evidence Act,* RSC 1985, c C-5, s. 46-47. This Court finds that if it had jurisdiction over the telephone records at issue, it would compel them to be produced pursuant to U.S. Federal Rules of Civil Procedure 26(b) and 45. The discovery is not otherwise obtainable in the United States.

## III.    RECIPROCITY

In furtherance of justice and by the proper and usual process of this court, the United States District Court for the Northern District of Illinois assures the judicial authorities of Ontario that it is willing to provide similar cooperation and assistance to the judicial authorities of Ontario if it

were to request similar assistance.

## IV.   EVIDENCE SOUGHT WILL ONLY BE USED IN SUPPORT OF THE ABOVE CAPTIONED MATTER

This Court has entered a protective order allowing for the confidential treatment of documentary discovery secured in this litigation. The protective order precludes parties from using such designated discovery in legal proceedings apart from this action without consent of the person or entity producing the materials.

## V.   REIMBURSEMENT FOR COSTS

Plaintiffs are willing to reimburse the judicial authorities of Ontario for their costs incurred in the execution of this Court's Letter Rogatory. The contact information for the party submitting any such payment is as follows:

Simeon A. Morbey
Counsel for the Non-Converter Seller Purchaser Plaintiffs
Lockridge Grindal Nauen PLLP
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: 612-596-6900
Email: samorbey@locklaw.com

4

**IT IS SO ORDERED:**

**DATED**: March 25, 2026

_LaShonda A. Hunt_
LaShonda A. Hunt
United States District Judge

SEAL OF THE COURT:

I hereby certify that the above signature is that of the Honorable LaShonda A. Hunt, who is known to me to be a Judge of the United States District Court for the Northern District of Illinois.

**DATED**: March 25, 2026

**Thomas G. Bruton, Clerk of Court**
By:

_Claire E. Newman_
Claire E. Newman
Chief Deputy Clerk
219 S. Dearborn Street
Chicago, IL 60604



**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 (LAH) |
| This Document Relates to: | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)** |
| Non-Converter Seller Purchaser Class Plaintiffs and End User Class Plaintiffs Actions | |

Letter Rogatory to the Supreme Court of British Columbia:

The United States District for the Northern District of Illinois presents its compliments to the Supreme Court of British Columbia and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. The requested documents, limited to telephone records, are relevant to the claims raised by the Non-Converter Seller Purchaser Class Plaintiffs and End User Class Plaintiffs (collectively, the "Plaintiffs") in this civil antitrust action. The discovery sought can neither be obtained in the United States, nor without the assistance of the Supreme Court of British Columbia.

## I.    STATEMENT OF REQUEST

Assistance is necessary in the interests of justice. This Court requests that the Supreme Court of British Columbia compel the production of records for the telephone numbers identified and for the date range identified below.

| Telephone Number | Date Range | Telephone Carrier |
|---|---|---|
| (289) 881-0120 | 1/1/2017 - 10/20/2025 | TELUS |
| (289) 681-4392 | 1/1/2017 - 10/20/2025 | TELUS |

These records should include: (1) records of "talk" and/or "call details," including the number a call is received from or made to, whether the call is incoming or outgoing, the date and time of the call (preferably in Central Time Zone), the length of the call, and, to the extent such information is available or maintained separately, any calls to check voicemail; (2) text message reports, including the incoming and outgoing phone numbers, the date and time the message was sent and received, and the number of messages sent (but not any text message content); and (3) subscriber information.

## II.  FACTS

In this consolidated proceeding, Plaintiffs have brought civil antitrust and consumer protection claims alleging that Converter Defendants[1] and Distributor Co-Conspirators[2] engaged in a conspiracy to artificially fix the price of PVC Pipes and PVC Fittings (collectively "PVC Pipe Systems") which caused higher costs for everything from plumbing repairs and electrical upgrades to construction projects in the domestic market of the United States, in *per se* violation of the Sherman Act, 15 U.S.C. § 1.

Converter Defendants and Distributor Co-Conspirators allegedly implemented the conspiracy, in part, by exchanging detailed, competitively sensitive, and non-public information about pricing with each other via direct communications, including telephone calls and text messages. *See* Public Redacted Version of NCSPs' Second Consolidated Class Action Complaint, *In re PVC Pipe Antitrust Litigation*, No. 24-CV-07639 (N.D. Ill. Aug. 18, 2025), ECF 395; Public

---

[1] Converter Defendants include: Atkore, Cantex, Inc., Diamond Plastics Corp., Prime Conduit, Sanderson Pipe, Southern Pipe, IPEX, PipeLife Jetstream, Inc., JM Eagle, National Pipe, Otter Tail, Northern Pipe, Vinyltech, Westlake Corp., Westlake Pipe & Fittings Corp., Charlotte Pipe, Cresline, and Oil Price Information Service, LLC ("OPIS").

[2] Distributor Co-Conspirators include Core & Main, Ferguson Enterprises, Fortiline Waterworks, United Pipe & Steel Corp., Hajoca Corp., and Porter Pipe & Supply Co.

Redacted Version of Consolidated Class Action Complaint for the End-User Class, *In re PVC Pipe Antitrust Litigation*, No. 24-CV-07639 (N.D. Ill. Aug. 18, 2025), ECF 399. The telephone numbers identified above were provided to Plaintiffs as part of their settlement with Defendant OPIS and are associated with the Canadian offices and manager of Defendant IPEX in the above captioned action. Plaintiffs allege that these telephone numbers were used in furtherance of the conspiracy. In particular, Plaintiffs have identified that Defendant IPEX's office telephone number was in communication with at least seven employees of its putative competitor Defendant Westlake, as well as an executive from Defendant Atkore. Moreover, many of these individuals have been identified by Plaintiffs in their Complaints as key players within the alleged conspiracy.

Plaintiffs believe these telephone records are relevant discovery that will be used to prove the claims alleged in the complaints and, more specifically, may be used at trial to prove Plaintiffs' allegations that Defendants colluded with each other, via telephone and other means, to effectuate the alleged price-fixing conspiracy. The telephone records for these telephone numbers are maintained in Vancouver, Canada, and are not available to Plaintiffs by any other source. This request is not contrary to public policy, the requests are identified with specificity, and the order sought is of limited burden, as the records may be produced electronically. As such, Plaintiffs request that this Court issue this letter rogatory. *See Evidence Act*, RSBC 1996, c 124, s. 53 and *Canada Evidence Act*, RSC 1985, c C-5, s. 46-47. This Court finds that if it had jurisdiction over the telephone records at issue, it would compel them to be produced pursuant to U.S. Federal Rules of Civil Procedure 26(b) and 45. The discovery is not obtainable in the United States.

## III.  RECIPROCITY

In furtherance of justice and by the proper and usual process of this court, the United States District Court for the Northern District of Illinois assures the judicial authorities of British

3

Columbia that it is willing to provide similar cooperation and assistance to the judicial authorities of British Columbia if it were to request similar assistance.

## IV.   EVIDENCE SOUGHT WILL ONLY BE USED IN SUPPORT OF THE ABOVE CAPTIONED MATTER

This Court has entered a protective order allowing for the confidential treatment of documentary discovery secured in this litigation. The protective order precludes parties from using such designated discovery in legal proceedings apart from this action without consent of the person or entity producing the materials.

## V.   REIMBURSEMENT FOR COSTS

Plaintiffs are willing to reimburse the judicial authorities of British Columbia for the costs incurred in the execution of this Court's Letter Rogatory. The contact information for the party submitting any such payment is as follows:

Simeon A. Morbey
Counsel for the Non-Converter Seller Purchaser Plaintiffs
Lockridge Grindal Nauen PLLP
100 Washington Ave. S.
Minneapolis, MN 55401
Telephone: 612-596-6900
Email: samorbey@locklaw.com

4

**IT IS SO ORDERED:**

**DATED**: March 25, 2026

LaShonda A. Hunt
United States District Judge

SEAL OF THE COURT:

I hereby certify that the above signature is that of the Honorable LaShonda A. Hunt, who is known to me to be a Judge of the United States District Court for the Northern District of Illinois.

**DATED**: March 25, 2026

**Thomas G. Bruton, Clerk of Court**
By:

CLAIRE E. NEWMAN
Chief Deputy Clerk
219 S. Dearborn Street
Chicago, IL 60604

5




# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 (LAH) |
| This Document Relates to: | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)** |
| Non-Converter Seller Purchaser Class Plaintiffs and End User Class Plaintiffs Actions | |

Letter Rogatory to the Superior Court of Québec:

The United States District for the Northern District of Illinois presents its compliments to the Superior Court of Québec and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. The requested documents, limited to telephone records, are relevant to the claims raised by the Non-Converter Seller Purchaser Class Plaintiffs and End User Class Plaintiffs (collectively, the "Plaintiffs") in this civil antitrust action. The discovery sought can neither be obtained in the United States, nor without the assistance of the Superior Court of Québec.

## I. STATEMENT OF REQUEST

Assistance is necessary in the interests of justice. This Court requests that the Superior Court of Québec compel the production of records for the telephone numbers identified and for the date range identified below.

| Telephone Number | Date Range | Telephone Carrier |
|---|---|---|
| (289) 834-9381 | 1/1/2023 - 10/20/2025 | Bell Mobility |
| (705) 734-5544 | 1/1/2017 - 10/20/2025 | Bell Canada |
| (800) 463-9572 | 1/1/2017 - 10/20/2025 | Bell Canada |
| (514) 769-3445 | 1/1/2017 - 10/20/2025 | Bell Canada |
| (416) 605-2734 | 1/1/2017 - 10/20/2025 | Bell Mobility |

These records should include: (1) records of "talk" and/or "call details," including the number a call is received from or made to, whether the call is incoming or outgoing, the date and time of the call (preferably in Central Time Zone), the length of the call, and, to the extent such information is available or maintained separately, any calls to check voicemail; (2) text message reports, including the incoming and outgoing phone numbers, the date and time the message was sent and received, and the number of messages sent (but not any text message content); and (3) subscriber information.

## II.  FACTS

In this consolidated proceeding, Plaintiffs have brought civil antitrust and consumer protection claims alleging that Converter Defendants[1] and Distributor Co-Conspirators[2] engaged in a conspiracy to artificially fix the price of PVC Pipes and PVC Fittings (collectively "PVC Pipe Systems") which caused higher costs for everything from plumbing repairs and electrical upgrades to construction projects in the domestic market of the United States, in *per se* violation of the Sherman Act, 15 U.S.C. § 1.

Converter Defendants and Distributor Co-Conspirators allegedly implemented the conspiracy, in part, by exchanging detailed, competitively sensitive, and non-public information about pricing with each other via direct communications, including telephone calls and text messages. *See* Public Redacted Version of NCSPs' Second Consolidated Class Action Complaint, *In re PVC Pipe Antitrust Litigation*, No. 24-CV-07639 (N.D. Ill. Aug. 18, 2025), ECF 395; Public

---

[1] Converter Defendants include: Atkore, Cantex, Inc., Diamond Plastics Corp., Prime Conduit, Sanderson Pipe, Southern Pipe, IPEX, PipeLife Jetstream, Inc., JM Eagle, National Pipe, Otter Tail, Northern Pipe, Vinyltech, Westlake Corp., Westlake Pipe & Fittings Corp., Charlotte Pipe, Cresline, and Oil Price Information Service, LLC ("OPIS").

[2] Distributor Co-Conspirators include Core & Main, Ferguson Enterprises, Fortiline Waterworks, United Pipe & Steel Corp., Hajoca Corp., and Porter Pipe & Supply Co.

2

Redacted Version of Consolidated Class Action Complaint for the End-User Class, *In re PVC Pipe Antitrust Litigation*, No. 24-CV-07639 (N.D. Ill. Aug. 18, 2025), ECF 399. The telephone numbers identified above were provided to Plaintiffs as part of their settlement with Defendant OPIS and are associated with the Canadian offices of Defendant IPEX and Westlake entities and managers. Plaintiffs allege that these telephone numbers were used in furtherance of the conspiracy. In particular, Plaintiffs' investigation has uncovered that certain of these Canadian telephone numbers were in direct communication with Donna Todd of Defendant OPIS, who is alleged to be the primary intermediary of the alleged conspiracy, as well as other Defendants who are IPEX's and Westlake's putative competitors in the PVC Pipes market and Co-Conspirator Distributors. Among other examples, Plaintiffs have identified that a Canadian phone number associated with a manager of Converter Defendant Westlake directly communicated with multiple phone numbers associated with Converter Defendants Atkore and Cantex. Similarly, Plaintiffs have identified that Converter Defendant IPEX's telephone number was in communication with at least seven Converter Defendant Westlake employees, as well as an executive from Converter Defendant Atkore. Moreover, many of these individuals have been identified by Plaintiffs in their Complaints as key players within the alleged conspiracy.

Plaintiffs believe these telephone records are relevant discovery that will be used to prove the claims alleged in the complaints and, more specifically, may be used at trial to prove Plaintiffs' allegations that Defendants colluded with each other, via telephone and other means, to effectuate the alleged price-fixing conspiracy. The telephone records for these telephone numbers are maintained in Verdun, Quebec, Canada, and are not available to Plaintiffs by any other source. This request is not contrary to public policy, the requests are identified with specificity, and the order sought is of limited burden, as the records may be produced electronically. As such, Plaintiffs

3

request that this Court issue this letter rogatory. *See Code of Civil Procedure,* CQLR c C-25.01, articles 504–506 and *Canada Evidence Act,* RSC 1985, c C-5, s. 46-47. This Court finds that if it had jurisdiction over the telephone records at issue, it would compel them to be produced pursuant to U.S. Federal Rules of Civil Procedure 26(b) and 45. The discovery is not otherwise obtainable in the United States.

## III. RECIPROCITY

In furtherance of justice and by the proper and usual process of this court, the United States District Court for the Northern District of Illinois assures the judicial authorities of Québec that it is willing to provide similar cooperation and assistance to the judicial authorities of Québec if it were to request similar assistance.

## IV. EVIDENCE SOUGHT WILL ONLY BE USED IN SUPPORT OF THE ABOVE CAPTIONED MATTER

This Court has entered a protective order allowing for the confidential treatment of documentary discovery secured in this litigation. The protective order precludes parties from using such designated discovery in legal proceedings apart from this action without consent of the person or entity producing the materials.

## V. REIMBURSEMENT FOR COSTS

Plaintiffs are willing to reimburse the judicial authorities of Québec for the costs incurred in the execution of this Court's Letter Rogatory. The contact information for the party submitting any such payment is as follows:

Simeon A. Morbey
Counsel for the Non-Converter Seller Purchaser Plaintiffs
Lockridge Grindal Nauen PLLP
100 Washington Ave. S.
Minneapolis, MN 55401
Telephone: 612-596-6900
Email: samorbey@locklaw.com

4

**IT IS SO ORDERED:**

**DATED**: March 25, 2026

LaShonda A. Hunt
United States District Judge

SEAL OF THE COURT:

I hereby certify that the above signature is that of the Honorable LaShonda A. Hunt, who is known to me to be a Judge of the United States District Court for the Northern District of Illinois.

**DATED**: March 25, 2026

**Thomas G. Bruton, Clerk of Court**
By:

CLAIRE E. NEWMAN
Chief Deputy Clerk
219 S. Dearborn Street
Chicago, IL 60604


